UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA          CASE NO: 3:09-cr-00387-TJc-MCR

                                  3.14-cv-370-J-32MCR

V.

ROBERT ALLAN COWAN

MOTION TO VACATE CONVICTION (2255)

1. (a) Name and Location of Court that entered the Judgement
   of Conviction you are challenging: United States District
   Court, Middle District of Florida, Jacksonville Division.

   (b) Criminal docket or Case number (if you know):
   3:09-cr-00387-TJc-MCR

2. (a) Date of the Judgement of Conviction (if you know):
   October 14, 2010
   (b) Date of Sentencing: November 30, 2011

3. Length of Sentence: 1680 Months (140 years)

4. Nature of Crime (all Counts):
   Title 18, United States Code, Section 2252(a)(2): 3 Counts
   Title 18, United States Code, Section 2251(a): 2 Counts
   Title 18, United States Code, Section 2252(a)(4)(b): 2 Counts

5. What was your Plea? (Check one)
   (1) Not guilty [X]  (2) Guilty [ ]  (3) Nolo Contendere [ ]

6. If you went to trial, what kind of trial did you have? (Check one)  Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or Post-Trial hearing?  Yes [X]   No [ ]

8. Did you appeal from the Judgement of conviction? Yes [X]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of Court: United States Court of Appeals for the Eleventh Circuit.
   (b) Docket or Case number (if you know): 11-15989
   (c) Result: Conviction affirmed, appeal denied
   (d) Date of result (if you know): November 19, 2012
   (e) Citation to the Case (if you know):
   (f) Grounds raised:
      (1) Whether the alleged expert Testimony was improvident and improper
      (2) Whether the trial evidence was equivocal, incredible, and worthy of belief.
      (3) Whether Mr. Cowan's 1,680 Month sentence was Procedurally and Substantively unreasonable Since the district Court failed to properly apply the sentencing guidelines, to exercise individualized discretion and to properly Consider the factors Set forth in 18 U.S.C. §3553(a).

(g) Did you file a Petition for Certiorari in the United States Supreme Court? Yes [X] No [ ] If yes, answer the following:

(1) Docket or Case number (if you know): 12-9124

(2) Result: Denied

(3) Date of result (if you know): April 15, 2013

(4) Citation to the Case (if you know):

(5) Grounds raised: Beyond the grounds listed in 9(f), the following Constitutional rights of the defendant were Violated:

(A) Fifth Amendment to the United States Constitution
No Person shall be held to answer for a capital, or infamous Crime, unless on presentment or indictment of a grand Jury, except in cases arising in the Land or naval forces, or in the Militia, when in actual Service in Time of War or Public danger; Nor shall any person be Subject to the Same offense to be twice put in Jeopardy of Life or Limb; Nor shall be Compelled in any Criminal Case to be a witness against himself, Nor to be deprived of Life, Liberty, or Property, without due Process of Law; Nor shall private property be taken for public use, without Just Compensation.

(B) Sixth Amendment to the United States Constitution
In all Criminal Prosecutions, the accused shall enjoy the right to a Speedy and public Trial, by an impartial Jury of the State and district

Where in The crime shall have been Committed, Which district Shall have been previously ascertained by Law, and to be informed of the nature and cause of the accusation; to be Confronted with The witness against him; to have Compulsory process for obtaining Witnesses in his favor, and to have the Assistance of counsel for his defense.

(c) Eighth Amendment to the United States Constitution Excessive bail shall not be required, nor excessive fines imposed, nor Cruel and Unusual Punishment inflicted.

10. Other than the direct appeals listed above, have you previously filed any other Motions, Petitions, or applications Concerning This Judgement of Conviction in any Court?   Yes [X]   No [ ]

11. If your answer to Question 10 was Yes, give the following information:
(a)(1) Name of Court: DISTRICT COURT, Middle District of Florida, Jacksonville Division
   (2) Docket or Case number (if you know): 3:09-cr-00387-TJC-MCR
   (3) Date of filing (if you know): 04-18-2011
   (4) Nature of the proceeding: Rule 33 Motion for new trial and Judgement of Aquittal

(5) Grounds raised: Unknown; Movant does not have a copy of this Motion.

(6) Did you receive a hearing where evidence was given on your Motion, Petition, or application? Yes [ ]   No [X]

(7) Result: Motion denied

(8) Date of result (if you know): 05-31-2011

(b) If you filed any Second Motion, Petition, or application, give the Same information: None filed

(c) Did you appeal to a federal appellate Court having Jurisdiction over the action Taken on your Motion, Petition, or application?

(1) First Petition: Yes [ ]   No [X]

(2) Second Petition: Yes [ ]   No [ ] < No 2nd Petition >

(d) If you did not appeal from the action on any motion, Petition, or application, explain briefly why you did Not: I was not aware it was possible to appeal the decision on a Rule 33 motion.

12. For this Motion, State every ground on which you Claim that you are being held in Violation of the Constitution, Laws, or Treaties of the United States. Attach additional pages if you have more than four grounds.

State the facts supporting each ground.

Grounds #1

(a) Recanting / Change of Testimony by a government witness

On January 28, 2014 government witness Special Agent James Greenman testified in Mr. Cowan's State Trial. On cross-examination he stated that if a file is found in Line Wire's "Incomplete" folder that indicates that the downloading of that file was stopped. His Testimony is in precise alignment with the Defense's position in the federal trial.

This is an extraordinary statement. All three files that constitute counts one, two, and three of Mr. Cowen's federal indictment were located in Line Wire's "Incomplete" folder. In order for Mr. Cowan to be in violation of the Statute governing counts one, two, and three (Title 18, United States Code, Section 2252(a)(2)) Mr. Cowan must have knowingly downloaded the files. Mr. Greenman's testimony in State Court confirm's Mr. Cowan's position that he knowingly stopped the downloading of child pornography when he saw what it was. Further, by a file being in the "Incomplete" folder, that shows that it did not complete its download, therefore the Statute was not violated.

The wording of the Statute says "did knowingly receive and attempt to receive." By the file being in the "Incomplete" folder it was not received, by Mr. Cowan stopping the download, he obviously did not attempt to receive it. Therefore this proves that Mr. Cowan was not guilty of counts one, two, or three and Mr. Greenman's testimony confirms this. The convictions on these counts must be vacated.

(b) Direct Appeal of Ground One:

(1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Greenman's Testimony occured after the direct appeal had already occured.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any Post-Conviction Motion, Petition, or application? Yes [ ] No [X]
〈Items (2) through (7) only apply if the answer was yes〉

Grounds #2

(a) Ineffective Counsel: Attorney did not utilize expert witnesses.

This Case cried out for expert witnesses, yet Mr. Cowan's Court appointed attorney Charlie Truncale chose not to use any. The government had a computer expert witness, Special Agent James Greenman. The Defense needed to have expert witnesses to counter him, to point out his errors, and to testify in regards to other matters. A jury is inclined to believe, or at least respect, an expert's opinion more than anyone else's, especially more than the defendant. Therefore it is appropriate and necessary to counter an expert with an expert.

Specifically, the Defense needed to have a computer expert who is familiar with Macintosh Computers and the program Lime Wire. (Wayne Marney is such an expert. If the Defense had employed mr. Marney, he would have demonstrated to the Jury how Lime Wire works and therefore would have shown that Mr. Cowan was not guilty of Counts One, Two, or Three. These Counts charge that the defendant did knowingly receive and attempt to receive child pornography. Mr. Cowan used the Computer Program Lime Wire to search for music and legal photos and videos. It was through Lime Wire that the files in Counts One, Two, and Three arrived on Mr. Cowan's Computers. With Lime Wire, as a file is downloading, it is placed in a special folder labeled "Incomplete". When the downloading of that file is completed, it is automatically moved into

another folder. As Special Agent Greenmun later
testified in Mr. Cowan's State trial (see Grounds #1)
if a file is found in the "Incomplete" folder, that
means the downloading of that file was stopped. All
three files that are involved in these counts were
located in the "Incomplete" folder. Therefore this
demonstrates that Mr. Cowan not only did not receive
the files in question, he deliberately and knowingly stopped
those files from downloading. This is extremely important.
Mr. Cowan was not guilty of these charges and this
could have been demonstrated beyond the shadow of a
doubt by an expert witness.

        Mr. Marney would also have demonstrated how the
Computer Program Time Machine works, and how the files
involved in Count six would have wound up on Mr. Cowan's
Maxtor hard drive. The Maxtor hard drive was attached
to Mr. Cowan's laptop computer and was used only as a
back up drive, holding files from the Time Machine Program.
All of the Cowan family computers had back up drives.
Time Machine was set up to automatically back up the
contents of Mr. Cowan's laptop on an hourly basis. When
a file was deleted from the computer, it would still remain
on the back up drive. Mr. Cowan would delete all unwanted
lime wire files from his laptop as soon as he saw them,
but he did not think about the back up drive; it
functioned as it should — in the background, out of
sight, out of mind. Mr. Cowan never accessed any

files on the back up drive. A demonstration of this for the jury would have been a vital turning point on this count.

In addressing Count Seven, Mr. Morney — or any expert — would have demonstrated how Lime Wire works on a Macintosh Computer and how it interacts with iTunes. This would clearly show that it was normal for a user not to check the download folder very often, because there was no need to do so as the music files would automatically be transferred into iTunes. Therefore an unwanted file might remain in the download folder for weeks without being detected.

Mr. Morney would also have discussed known issues with Lime Wire concerning the receipt of unwanted and unrequested files, particularly of Child Pornography.

In addressing Counts Four and Five, which are Production Charges, the Defense needed to use an expert in the Dost Criteria for determining Child Pornography. Marcus Lawson is such an expert. He has already testified in Cases in the Middle District of Florida, and his testimony in this case would have been invaluable. These Photographs in Counts Four and Five are not child Pornography and they do not meet the Criteria for being child Pornography. Mr. Greenwun offered his opinion that they were Child Pornography, but he is not qualified as an expert to offer an opinion. If the defense had utilized an expert to analize the Photographs, a very different outcome

Would have occured at Trial. Mr. Lawson would have shown that The photographs in the house (count five) involved a child in motion, not one who was posed. He would also have shown that the photograph in The hallway where Abigail had her hand in front of her crotch did not demonstrate masterbation. Further, Mr. Lawson would have discussed the photographs in The car seat (count four). He would have shown, using the GPS data in the photographs, that the car was driving on the road when each picture was taken, and that the photographs could not have been aimed since Mr. Cowan was driving. Finally, Mr. Lawson would have addressed Mr. Greenman's faulty characterization of each of the charged photographs (img 1495, img 1496, 1499, img 1500, img 1502, img 1503, and img 1505 in the car as "Camera focused on her stomach area ... genital region visable as a focus of the camera" The camera cannot be focused on two places at once and the genitals are not located in the stomach. Mr. Cowan clearly, clearly, beyond the shadow of a doubt was not guilty of count four, and an expert witness such as Marcus Lawson would have shown this.

   The Defense should also have used an expert in human sexuality or family psychology such as William Seabloom, Ph.D. who would have testified that nude photos of children are a normal part of family life and are not an indication of sexual abuse or sexual deviancy.

   It would also have been very useful for a

Psychologist to examen Mr. Cowan. Noel Lawrence employed Harry Spiers to examen Mr. Cowan Prior to Sentencing by this Court. Mr. Spiers found no indication of Mr. Cowan having a sexual attraction to Children. Mr. Cowan was examened by George Deitchman, Ph.D for Mr. Cowan's State Trial, and Dr. Deitchman, using a different test than Mr. Spiers did, also found no signs of deviancy or attraction to children. Had Charlie Truncale employed a psychologist and this information had been presented to the Jury, it is likely that the trial would have had a different outcome. The Jury needed to know this information.

The government filed a copy of the Child Protection Team interview with Mr. Cowan's daughter with the Court. This interview was flawed, and Mr. Truncale should have had an expert in the S.A.N.E. protocol to show this. While that video did not play a role in the trial, it did play a role at sentencing. Of course, if Mr. Truncale had employed the above referenced expert witnesses at trial, there would have not been a need for sentencing.

Because Mr. Truncale did not employ expert witnesses, even though they were needed, indeed vital, to refute the government's allegations and to support the arguments of the Defense, Mr. Cowan did not receive a fair trial. Therefore, in the interests of Justice, Mr. Cowan's convictions MUST be vacated.

(b) Direct Appeal of Ground Two:

   (1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ]  No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Mr. Lawrence stated that a direct appeal is not the place for ineffective Counsel Complaints, and that such Complaints would have to wait for a 2255 Motion, which would be filed if the direct appeal was not successful. Therefore he did not include this item in the direct appeal.

(C) Post-Conviction Proceedings:

   (1) Did you raise this issue in any Post-Conviction Motion, Petition, or application? Yes [ ]  No [X]
   < Items (2) through (7) only apply if the answer was Yes >

Grounds #3

(a) Ineffective Counsel: Attorney was unprepared for Trial.

After the decision was made to go to trial, Charlie Truncale only met with Mr. Cowan <u>once</u>. In court Mr. Truncale promised he would come out and "spend all week" and then he promised he would be out on Friday, Saturday, and Sunday. He only showed up on the Saturday before Trial. This was not enough Preparation.

When Mr. Truncale was in court with Mr. Cowan he asked Mr Cowan to come up with a list of witnesses, saying he would get it when he came out the next week. He never came out until that Saturday before Trial, so by then it was too late to find or contact any of them. One of those witnesses was Alex Wills, a Mac specialist at the Apple Store who had examined one of Mr. Cowan's computers. He would have been very valuable to the defense.

This trial was way too involved and the stakes of a loss too high for an attorney to only meet with his client for a few hours of Preparation. Therefore in the interests of Justice Mr. Cowan's conviction must be vacated.

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ]  No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Mr. Lawrence stated that a direct appeal is not the place for ineffective Counsel Complaints, and that such Complaints would have to wait for a 2255 Motion, which would be filed if the direct appeal was not successful. Therefore he did not include this item in the direct appeal.

(C) Post-Conviction Proceedings:

   (1) Did you raise this issue in any Post-Conviction Motion, Petition, or application? Yes [ ]  No [X]

   ⟨Items (2) through (7) only apply if the answer was Yes⟩

Grounds #4

(a)  Ineffective Counsel: Attorney was distracted by the death of his brother-in-law.

Charlie Truncale was notified of the death of his brother-in-law during the Lunch break on the first day of trial. His comment was "This puts Things in Perspective." Mr. Cowan's Trial was suddenly even less important to him. Mr. Truncale had to leave for the funeral on Thursday afternoon, and sure enough he ended his defense in time to leave for the airport. In doing so, he left out some elements he told Mr. Cowan he was going to present. Mister Truncale's Closing argument was short and weak. Beyond that, he missed many objections he should have made (See Grounds #5) and was less effective than he should have been. This, combined with his lack of preparation (See Grounds #3) led to a completely inadequate defense for Mr. Cowan.

Mr. Truncale should have asked for a Post-Ponement of the trial while he dealt with the death of this close family member. A one or two week delay would not have hurt anyone.

Because Mr. Truncale was distracted and ineffective, it is in the interests of justice that Mr. Cowan's Convictions be Vacated.

(b) Direct Appeal of Ground Four:
   (1) If you appealed from the Judgement of Conviction, did you raise this issue?   Yes [ ]   No [X]
   (2) If you did not raise this issue in your direct appeal, explain why: Mr. Lawrence stated that a direct appeal is not the place for ineffective Counsel Complaints, and that such Complaints would have to wait for a 2255 Motion, which would be filed if the direct appeal was not successful. Therefore he did not include this item in the direct appeal.
(C) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction Motion, Petition, or application?   Yes [ ]   No [X]
   < Items (2) through (7) only apply if the answer was Yes >

Grounds #5

(a)  Ineffective Counsel: Attorney missed many vital objections.

Even the government in their response to our Direct Appeal said the Defense had opportunities to object and did not do so. The Prosecutor outright lied to the Jury (See Grounds #6) and Charlie Truncale did not object, nor did he object when the government went beyond the indictment in mentioning a data CD, which they had agreed in pre-trial sessions that they would not do.

In the decision denying Mr. Cowan's Direct Appeal, the 11th Circuit States on Page 5: "Cowan did not raise an objection to the Challenged testimony [of Mr. Greenmun] in the district Court, So we review this issue for plain error only. See Turner 474 F.3d at 1275. While the Court, without objection, qualified Greenmun as an expert, his expertise was limited to Computer forensics. His testimony that Cowan's Photographs constituted Pornography was an opinion separate from the expert testimony he was qualified to offer. Under Smith, Rule 702 does not govern a witness's Opinion Testimony that an image Constituted Pornography. See Smith, 459 F.3d at 1297 n.18. Therefore, Cowan's argument on appeal fails to meet step one of Plain error review." In this, the appeals court is outright saying that if Mr. Truncale had objected to Special Agent Greenmun's Characterizing the photographs as Child Pornography, then they likely would have decided in Mr. Cowan's favor in the appeal. The Photographs

Were not Child Pornography (see Grounds #2) as we could have shown with an expert witness. Mr. Greenman was not qualified to offer his opinion and the opinions of experts carries great weight with Juries. As it was, Mr. Truncale let the government get away with a very sneeky under-handed move and they took full advantage of it, with the Defense being prevented from correcting the error in the direct appeal.

Mr. Cowan should not suffer because he was appointed an ineffective attorney. The only remedy is to Vacate the Conviction.

(b) Direct Appeal of Ground Five:

(1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ]  No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Lawrence stated that a direct appeal is not the place for ineffective Counsel Complaints, and that such complaints would have to wait for a 2255 Motion, which would be filed if the direct appeal was not successful. Therefore he did not include this item in the direct appeal.

(C) Post-Conviction Proceedings:

(1) Did you raise this issue in any Post-Conviction Motion, Petition, or Application? Yes [ ]  No [X]

⟨ Items (2) through (7) only apply if the answer was yes ⟩

Grounds #6

(a) Prosecutorial Misconduct: Prosecutor Made False Statements to the Jury.

Rodney Brown told the Jury that there were hundreds of Photographs that had been deleted from Mr. Cowan's iPhone and "We don't know what they were" with an implication that they might have been, and probably were, Pornographic Photographs of Mr. Cowan's daughter.

The Truth is that the government had possession of _every_ Photograph that Mr. Cowan's iPhone had ever taken. The iPhone has a unique labeling protocol for the photographs that it takes. By looking at the file names it is easy to identify iPhone Photographs. These files are numbered sequentially. Even though some Photographs had been deleted from Mr. Cowan's iPhone, a copy of each of those photographs existed in the Program iPhoto on Mr. Cowan's 17-inch iMac and/or on his Laptop. No Photographs were missing. Ms. Brown knew that all photographs were accounted for. This was not a harmless error.

Nor was it a harmless error when Mr. Brown went on to make the inflammatory comment that "we rescued her from this man." The Prosecution Knew every photograph that Mr. Cowan had ever taken with his iPhone and had also seized all of his camera cards. To imply that there were other Photographs and that they might have been Pornographic is not only underhanded salacious conjecture designed to attack Mr. Cowan's character, but is also provably false.

Ms. Brown deliberately lied to the Jury, presenting information That he Knew to be false. Therefore, in The interests of Justice, Mr. Cowan's Conviction Must be Vacated.

(b) Direct Appeal of Ground Six:

(1) If you appealed from the Judgement of Conviction, did you raise This issue? Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Lawrence Stated That Prosecutorial Misconduct was not an issue That could be raised in a direct appeal, and Therefore he did not raise it.

(C) Post-Conviction Proceedings:

(1) Did you raise This issue in any Post-Conviction Motion, Petition, or application? Yes [ ] No [X]

< Items (2) through (7) only apply if The answer was yes >

Grounds #7

(a) Ineffective Counsel: Attorney did not object to the contents of the PSI report.

In the 11th Circuit Court of Appeals denial of Mr. Cowan's Direct Appeal, the court says on page 18: "Since Cowan raised no objection to the factual portion of the PSI, the facts contained therein can be used to support the district court's finding of fact." On page 21 it says "The court also did not err in imposing the two-level § 2G2.1 (b)(2)(A) commission of a sexual act enhancement. Cowan's only argument on appeal is that no "willful action" was demonstrated. That argument is belied by the court's finding of molestation, which is supported by the PSI. It was not clear error for the court to have concluded that Cowan acted willfully in molesting his daughter."

The PSI was full of factual errors, which Mr. Cowan pointed out to Mr. Lawrence, but Mr. Lawrence did not challenge (date of high school graduation and military service being some examples). The PSI also presented state criminal allegations as if they were proven facts, and this also was not challenged. They should have been challenged as they were not true and they had a direct impact on the sentencing. Mr. Lawrence did object to the sentence computations in the PSI, but he ignored the other parts of the report to his client's harm.

(b) Direct Appeal of Ground Seven:

(1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: First of all, Mr. Lawrence is the one who did the direct appeal, so he would not have complained about his own error. Secondly, he was most likely unaware of his error until he recieved the opinion of the 11th Circuit. Third, a direct appeal was not the place to discuss ineffective Counsel.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any Post-Conviction Motion, Petition, or application? Yes [ ] No [X]
⟨Items (2) through (7) only apply if the answer was yes⟩

Grounds #8

(a)   Ineffective Counsel: Motions and appeals were Poorly Written.

At Mr. Cowan's request, Noel Lawrence filed a Rule 33 Motion for a new Trial. However, That Motion was very Poorly written and Contained a number of errors including Stating That a photograph at The beach was pornographic, when in fact The sentence was supposed to read that The Photograph was not Pornographic. Several of The paragraphs simply did not make sense. It appeared That whole Sentences were missing, and ideas were Poorly expressed and hard to follow. If the Motion had been better written, and Therefore understandable, Judge Corrigan might have granted it.

In Mr. Cowan's Direct Appeal, Mr. Lawrence did not Sufficiently develop his arguments. In numerous Places in the opinion of the 11th Circuit they Pointed out That "A Party abandons all issues on appeal that he does not Plainly and Prominently raise in his initial brief."

On Page 7 the court indicates that Mr. Lawrence did not Provide enough details To support our argument Concerning The Sufficiency of The evidence on the receipt and Possession Charges. On Page 9 While discussing the reasonableness of a Sentence the court Points out that Mr. Lawrence did not raise certain issues and Therefore abandoned those issues even if They were Valid.  On Page 10 They repeat that Mr. Lawrence "abandoned any argument that The district court failed To adequately explain his sentence."  On Page 16 when discussing The

Two Level reduction that Mr. Cowan should have received for not trafficing or distributing received Child Pornography, the Court Points out that we had the burden of proof, and that we did not meet that burden.

On Pages 19 and 20 the Court states that Mr. Lawrence's argument Concerning the 5 Level $\S 2G2.2$ (b)(7)(D) enhancement was underdeveloped, not Pointing to any images that should have been excluded. Later on page 20 the Court states that "Cowan abandoned any argument Concerning the two-level $\S 3C1.1$ obstruction of Justice enhancements applied to his Production Convictions. While he summarizes the Law regarding the obstruction of Justice enhancement, Cowan Presents no real argument on appeal identifying any error by the district court."

On Page 21 of the Court's opinion, it states "The Court also did not err in imposing the Two-Level $\S 2G2.1$ (b)(2)(A) Commission of a Sexual act enhancement. Cowan's only argument on appeal is that no "willful action" was demonstrated. That argument is belied by the Court's finding of Molestation, which was supported by the PSI. It was not clear error for the Court to have concluded that Cowan acted Willfully in Molesting his daughter." Mr. Lawrence not only should have objected to the PSI (See Grounds #7) but he should also have developed his argument in the appeal more fully.

Spread across pages 21 and 22 is this paragraph: "Last, Cowan has demonstrated no error on appeal in

the Court's Multiple Count Calculations. Cowan's brief States That he is appealing The §3D1.4 Multiple Count adjustment. The only argument present in his brief is a recitation of his objection below to the portions of The PSI That dealt with the Multiple Count adjustment and 'The determination of units Calculated for [The §3D1.4] adjustment' because 'the adjustment is unfair and unreasonable Since The conduct involves the same victim in a discrete period of time." However, in support of that argument, he cites exclusively to the Commentary That accompanies §3D1.2. Section 3D1.2 applies only to The determination of what offenses should be grouped together — not to The determination of how Many units should be attribute to each group. Therefore, we conclude That Cowan does not raise any relevant argument on appeal that The Court erred in Performing The Multiple count adjustment. Cowan cannot be said to have properly raised the Propriety of the §3D1.2 grouping on appeal, since he explicitly states That he is appealing The §3D1.4 Calculation, and cites only to the portions of The record That deal with the §3D1.4 Calculation."

Mr. Cowan is not The Professional attorney. Mr. Cowan Should not be held Liable or suffer because The attorney Who was appointed for him was unable to write a direct appeal correctly. Mr. Cowan Trusted Mr. Lawrence to do the job completely and correctly. According to The United States Court of Appeals for The 11th circuit, Mr. Lawrence

did not do an appropriate Job.  They so much as said "Mr. Cowan, you did not have an effective Counsel for your direct appeal."

In addition, Mr. Cowan had asked Mr. Lawrence to cite two cases from the 10th Circuit, Dobbs and Schaefer, that directly applied to Counts six and Seven.  It was Mr. Cowan's opinion that these two Cases would result in the reversal of the convictions on Counts six and seven.  Mr. Lawrence refused to cite them because they were not 11th circuit cases, yet he went on and cited a 5th circuit case.  It is Mr. Cowan's Contention that these two cases should have been cited and the issues involved should have been addressed.  If the 11th Circuit then chose to ignore those Precidents because they were from another circuit they Could have still done so, but they would have had to have done so in writing.

Because of these issues, and the other Grounds listed in this Motion, it is in the interest of Justice that Mr. Cowan's convictions be vacated.

(b) Direct Appeal of Ground Eight:
  (1) If you appealed from the Judgement of Conviction, did you raise this issue? Yes [ ] No [x]
  (2) If you did not raise this issue in your direct appeal, explain why: This relates to the direct appeal, it could not have been included in the direct appeal.

(c) Post-Conviction Proceedings:

   (1) Did you raise This issue in any Post-Conviction
   Motion, Petition, or application?   Yes [ ]   No [x]
   < Items (2) Through (7) only apply if The answer was yes >

# Grounds #9

(a)  The indictment for Counts six and seven states
That Robert Allan Cowan, defendant herein did knowingly
Possess one (1) or more matters which contained visual
depictions which were Produced using materials which have
been shipped and Transported in or affecting interstate
and foreign Commerce, that is, (Count six: a Maxtor
external hard disk drive, Serial number 2HA1H2AA; Count
seven: a Toshiba external hard disk drive, Serial number
48BQT32YTCS3) The production of which visual depictions
involved The use of minors engaging in sexually explicit
Conduct and which visual depictions were of such Conduct,
and which were specifically identified in The following
Computer files... in Violation of Title 18, United States
Code, Section 2252(a)(4)(B)." (emphasis added).

 Neither The Maxtor nor The Toshiba external hard
disk drives Produced The Visual depictions Listed. Disk
drives do not produce anything, They store material. How,
Where, or with what these visual depictions were produced,
or how they were Transported, is not known. Further,
there is no evidence That Mr. Cowan ever accessed his
back up drive (Maxtor), nor The folder in question (on
The Toshiba), So There fore 2252(a)(4)(B) does not apply
To The activity to which he is charged. Therefore these
Convictions must be Vacated.

 According to Black's Law Dictionary (Eigth edition)
Produce is defined as 1. To bring into existence; To Create.
2. To Provide (a document, witness, etc.) in response To
Subpoena or discovery request. 3. To Yield (as revenue).

4. To bring (oil, etc.) To The surface of the earth."
Webster's II New College Dictionary (2001) has The
following definitions: "1. To bring forth: Yield. 2. To Create
by physical or Mental effort. 3. To Manufacture. 4. To give
rise to. 5. To bring forward: exhibit. 6. To Sponsor and
present To The public ⟨produce a Musical review⟩ 7. To
extend (an area or Volume) or lengthen (a line). -vi
To make or yield the customary product or products. -n
a product, esp. farm products as a whole." None of
These definitions Match what a hard drive is capable
of doing. As was said above, The Convictions on Counts
Six and Seven Must be Vacated as what is charged is
not possible.

(b) Direct Appeal of Ground Nine:

  (1) If you appealed from The Judgement of Conviction,
     did you raise This issue? Yes [ ] No [X]

  (2) If you did not raise This issue in your direct appeal,
     explain why: Mr. Cowan does not Know why
     Mr. Laurence did not raise This issue.

(c) Post-Conviction Proceedings:

  (1) Did you raise This issue in any Post-Conviction
     Motion, Petition or application? Yes [ ] No [X]
     ⟨Items (2) Through (7) only apply if The answer was Yes⟩

Grounds #10

(a)  Sentencing guidelines have changed.

In February of 2013 The United States Sentencing Commission recommended Sweeping changes to the guidelines for the sentencing of Child Pornography Crimes. It is requested that Mr. Cowen's sentencing be vacated and changed to match those new guidelines

(b) Direct Appeal of Ground Ten:

(1) If you appealed from the Judgement of conviction, did you raise this issue? Yes [ ]  No [X]

(2) If you did not raise this issue in your direct appeal, explain why: The change recommendations from the Sentencing commission did not get published until after the direct appeal was Concluded.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any Post-Conviction Motion, Petition, or application? Yes [ ]  No [X]
(Items (2) Through (7) only apply if the answer was yes)

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: None of the grounds in this motion have been previously presented in any court. Government witness James Greenman (Ground number one) did not testify in Mr. Cowan's state trial until after the direct appeal had already been completed and the decision rendered. If the timing had been different, his new comments would have been included in the direct appeal. Mr. Lawrence had informed Mr. Cowan that complaints about the ineffective counsel of Mr. Truncale (Grounds two, three, four, and five) could not be included in a direct appeal, nor could a complaint of prosecutorial misconduct (Ground number six). Complaints about the ineffective counsel of Mr. Lawrence in not objecting to all of the contents of the PSI (Ground seven), nor writing an adequate direct appeal (Ground eight), and not including additional objections to counts six and seven in the direct appeal (Ground nine) also could not be addressed in the direct appeal for obvious reasons. The change in the sentencing guidelines (Ground number ten) occurred after the direct appeal had been completed and the decision rendered.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the

Judgement you are challenging? Yes [ ]  No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the Judgement you are challenging:
(a) At Preliminary hearing: Borden R. Hallowes
(b) At arraignment and plea: Charlie Truncale
(c) At trial: Charlie Truncale
(d) At Sentencing: Noel Lawrence
(e) On appeal: Noel Lawrence
(f) In any Post-Conviction Proceeding: Rule 33; Noel Lawrence
(g) On appeal from any ruling against you in a Post-Conviction Proceeding: < None >

Borden R. Hallowes                    Charlie Truncale
637 Treehouse Circle                  233 E. Bay Street
St. Augustine, FL 32095               Suite 1101
                                      Jacksonville, FL 32202

Noel G. Lawrence
101 East Union Street
Suite 200
Jacksonville, Florida 32202

16. Were you sentenced on More than one count of an indictment, or on More than one indictment, in the same Court and at the same Time? Yes [X]  No [ ]

17. Do you have any future sentence to serve after you Complete the sentence for the Judgement that You

are Challenging?   Yes [X]   No [ ]

(a) If so, give name and Location of Court that imposed the other Sentence That you will serve in The future: Fourth Judicial Circuit of Florida, in and for Duval County (Jacksonville).

(b) Give the date the other Sentence was imposed: March 12, 2014.

(c) Give the Length of the other Sentence: Life

(d) Have you filed, or do you Plan to file, any Motion, Petition, or application that Challenges the Judgement or Sentence To be served in The future? Yes [X]   No [ ]

18. TIMELINESS OF MOTION: If your Judgement or Conviction became final over one year ago, you must explain why The one-year Statute of Limitations as Contained in 28 U.S.C. §2255 does not bar your Motion.
I am within one year (April 15, 2013) of The United States Supreme Court denying the Petition for Certiorari.

Therefore, Movant asks that the Court grant The following relief: In recognition of Mr. Cowan's Constitutional rights, specifically Those Listed in The fifth, sixth, and eighth amendments, it is requested that the Convictions on all Counts be vacated and a new trial granted. Further, it should be Noted that Mr. Cowan is currently in the Duval County Jail awaiting return to federal Custody. It is his

request that he be returned to the D. Ray James Detention Facility and that he remain there (that is, not be transported on to prison) until such time as this motion is fully resolved. This would allow Mr. Cowan to participate in oral arguments and to conduct research in preparation for the evidentiary hearing and subsequent trial. Mr. Cowan is aware that if he is moved, his legal documentation and research books would not be allowed to move with him. Therefore, since he is representing himself pro se in this motion, it is vital that he be allowed to remain in place so that he can represent himself as effectively as possible. Mr. Cowan also requests any other relief to which the Movant may be entitled.

Robert Allan Cowan – 2009034974   (Federal ID 53116-018)
John E. Goode Pre-Trial Detention Facility
500 E. Adams Street
Jacksonville, Florida 32202
27 March 2014

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this motion under 28 U.S.C. § 2255 was placed in the hands of the Jail Mail Officer on April 1, 2014.