UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALLAN COWAN,

        Petitioner,

v.                                                                Case Nos. 3:14-cv-370-J-32MCR
                                                                                    3:09-cr-387-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.
_____

**UNITED STATES' RESPONSE IN OPPOSITION TO COWAN'S
SUPPLEMENTAL MEMORANDUM TO 28 U.S.C. § 2255 MOTION**

      The United States of America, by and through the undersigned Assistant United States Attorney, files this response in opposition to Cowan's Supplemental Memorandum to his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Civ. Doc. 24.  For the reasons stated herein, as well as those included in the United States' initial response, Civ. Doc. 8, Cowan's motion is without merit and should be denied.

      The United States previously has summarized the procedural history and factual summary of the proceedings in Cowan's criminal case which are incorporated herein by reference.  Doc. 8 at 1-4.  His subsequent supplemental memorandum, filed through counsel, restates arguments made by Cowan in his initial *pro se* § 2255 motion and his reply to the United States' response.  Doc. 1 and 13.  These *pro se* pleadings were 35 pages and 32 pages long, respectively, and were sufficiently complete and articulate, allowing the United States to file a

substantive response.[1]  Doc. 8.  This civil case has been supplemented with transcripts and documents from the criminal record which overwhelmingly support the jury's verdict and negate Cowan's current claims.  Consequently, Cowan's § 2255 motion and supplemental memorandum should be denied.

### Ground One: Alleged Changed Testimony

Cowan's supplemental memorandum expounds on his claim concerning the testimony of Department of Homeland Security (DHS) Senior Special Agent James Greenmun, who testified in both the federal trial and Cowan's subsequent state trial. He again compares Agent Greenmun's testimony in each trial and insists that there are discrepancies between the two.  Cowan is mistaken.

In both the federal and state trials, Agent Greenmun testified regarding how files were downloaded using LimeWire.  Specifically, that as the computer is processing the download, it is saved as an "incomplete" file, denoted by a "T[temporary], dash" following by a series of numbers.  When the download is complete, it is moved into a "shared folder for distribution through other users on the network."  *See* United States' response, Doc. 8 at p. 8-9.

During the trial, Cowan took the stand and asserted that he did not knowingly search for or intentionally receive and download child pornography as charged in Counts One, Two and Three of the indictment.  He continues to assert

---

[1]  In his Supplemental Memorandum, Cowan insists this additional briefing is necessary because he could not cite a legal basis for his claim.  Doc. 24 at 7. He also correctly notes that the form for filing a 28 U.S.C. § 2255 motion, which is intended to be filed by *pro se* litigants, does not require citation of law or legal argument.

his innocence, claiming, as he did during trial, that the evidence merely proves that he initiated mass downloads of files from LimeWire and that those files were only in a temporary form, meaning that they were not intentionally viewed, downloaded, saved or shared via the internet.  He claims also that if files containing child pornography were inadvertently captured, he would immediately delete them.

Cowan claims that a discovery violation occurred when he was not provided evidence that "incomplete files" were located on Cowan's computer, information that was in the United States' possession during preparation for the federal trial.  First, this claim is completely untrue.  Several months before trial, on January 15, 2010, the defense was provided with, among other items, copies of Agent Greenmun's computer forensic examination reports.[2]  One report, dated November 10, 2009, reflects that during the forensic analysis of Cowan's computer, Agent Greenmun found evidence that the user had deleted images of child pornography.  The report also details the discovery of incomplete folders, indicating that files were not completely, or successfully, downloaded.  Agent Greenmun testified consistently during the federal trial.  Cowan's accusation of a discovery violation on the part of the United States is incorrect, as shown by the

---

[2]  Prior to trial, on July 9, 2010, the United States filed its Notice of Disclosure of Summary of [Expert] Testimony regarding SA Greenmun.  Cr. Doc. 35.  This notice documents that the United States provided Agent Greenmun's forensic report to the defense on January 15, 2010.

3

discovery record, Agent Greenmun's trial testimony, and the overwhelming evidence at trial.

Second, as the United States has previously pointed out, this does not mean that Cowan did not successfully download many images of child pornography which were found stored on separate electronic storage devices.[3] Cowan notes that "[t]he reasonableness of the trial is determined in light of the confidence the Court has in the fairness of the proceeding in light of the omitted or suppressed evidence."  Doc. 24 at 9.  Nonetheless, Cowan's self-serving claim does not impugn the fairness of his trial and, furthermore, is a complete mischaracterization of Agent Greenmun's testimony.

Cowan cites to portions of Agent Greenmun's testimony wholly out of context.  The United States has provided the Court with Agent Greenmun's complete testimony in both the federal and state trials, and summarized it in its response.  Cowan highlights testimony relating to Agent Greenmun's discovery of "temporary" or "incomplete" downloads from LimeWire during the state trial. However, his argument overlooks Greenmun's similar testimony during the

---

[3] See Doc. 8 at 9. The defendant claims that Agent Greenmun's state trial testimony corroborates the defendant's own testimony and entire defense in the federal trial, that is, that he did not *knowingly* download child pornography because an "incomplete" folder downloaded from LimeWire indicates that "the downloading of that file was stopped."  Civ. Doc. 1 at 6.  This statement does not contradict Agent Greenmun's testimony that the "incomplete" folder indicates that a file is in the process of downloading.   Agent Greenmun never testified that the downloading process could not be disrupted, purposely or otherwise, and remain stored in an incomplete state.

4

federal trial, as well as the fact that that Greenmun was able to recover "about 300 deleted files with file names indicative of child pornography[.]" Doc. 8 at 6, citing Cr. Doc. 89 at 178.

Aside from Cowan's incredible testimony, there was no evidence to rebut the strong evidence of Cowan's guilt introduced at trial. The forensic computer evidence corroborates the prosecution's theory of the case, that is, that Cowan used his computer media to download child pornography and then stored them on separate storage devices to avoid being discovered. He then deleted the illegal images from his computer media. So, this is not an overly complex or technical explanation. These claims should be denied.

Cowan also complains that Agent Greenmun's testimony, offered in rebuttal to Cowan's own false testimony, revealed other items found on Cowan's computer that were not in evidence, not charged, were old, and were therefore prejudicial as to Counts One, Two and Three. Cowan's own assertion explains that this testimony was properly offered to rebut Cowan's testimony, a risk taken by every defendant who chooses to testify.[4]

## Ground Two: Failure to Use Expert Testimony

Cowan makes much ado about the necessity of defense expert witnesses to explain the "complex technical evidence" in this case. Doc. 24 at 9. His trial testimony, and that of his former wife, established their opinion that Cowan was

---

[4] For this reason, Cowan suffered no alleged improper "spill-over" effect from any of the evidence produced at trial.

5

"extremely knowledgeable" about computers. Doc. 8 at 14, 8-10 at 38, 49-54. In any event, the record reflects that the jury was not confused by expert testimony. On the final day of the trial, the jury deliberated from 10:41 a.m. and returned a verdict at 12:51 p.m. Doc. 8-11 at 69-72.[5] During this two-hour and ten minute time frame, the jury was served lunch, review the evidence, deliberated, and found Cowan guilty of all seven counts in the indictment. *Id.* at 69. The jury was instructed by the Court that they must unanimously find, beyond a reasonable doubt, that Cowan *knowingly* received child pornography as to Counts One, Two and Three. *Id.* at 48, 52. Their verdict reflects that they did so.

Importantly, and contrary to Cowan's assertion, his claim is not dispositive of his guilt or innocence on Counts One, Two and Three. Assuming *arguendo* that the defense could have found an expert to corroborate Cowan's testimony that he stopped or interrupted downloads of files containing child pornography, the expert would also have had to admit that sometimes files downloaded from the internet do not download properly or successfully. This scenario also would keep the attempted download from storing in a final format, leaving the file in an incomplete state. In other words, Cowan could have stopped them, but it is just as likely they simply failed to download properly. Either way, these files would have been saved on the computer as a "T" temporary files. If asked this specific question, which would not have been at all dispositive of guilt or innocence in this

---

[5] Cr. Doc. 90 and 91 are trial transcripts that were provided to the Court when the United States filed its initial response. Doc. 8-10 and 8-11.

6

case, Agent Greenmun would have explained this to the jury, as he did during the state trial.[6] As Cowan's supplemental memorandum notes, Agent Greenmun confirmed during the state trial that "when an incomplete folder is located, that means *the downloading has stopped or* someone has stopped the downloading." Doc. 24 at 4 (emphasis added). Any qualified defense expert would have had to truthfully answer the question in the same manner.

Cowan faults former counsel's unfamiliarity with computers and LimeWire for his failure to corroborate Cowan's trial testimony that the charged images were automatically downloaded and saved to his external storage devices without his knowledge. Doc. 24 at 15-16. This argument rings hollow; Cowan's testimony on this subject was ably elicited on direct examination by defense counsel. *Id.* It is likely that Cowan and his trial lawyer discussed employing their own expert but could not locate an expert who would testify under oath in support of Cowan's implausible and unbelievable theory of his "innocence." Finally, Cowan is intelligent and well educated, but he fails to grasp the fact that the jury disbelieved his incredible testimony. Indeed, this Court properly found that his false testimony qualified him for an obstruction of justice enhancement under the sentencing guidelines, a determination that was affirmed on appeal by the Eleventh Circuit. *See* Cr. Doc. 137 at 6-8.

---

[6] The jury in the state trial, having considered this testimony, also convicted Cowan.

7

The United States' response in opposition fully explores the potential impact that certain experts in varying fields (computers, child pornography, psychology, interrogation of sexual assault victims) may have had on his defense. Doc. 8 at 13-19. For the reasons previously stated, none diminish confidence in the jury's verdict, and this claim should be denied.

**Ground Nine:  Statutory Construction and Interstate Commerce**

Cowan reasserts that his convictions on Counts Four, Five, Six and Seven are contrary to law, because the United States failed to prove an essential element of those crimes, that is, interstate commerce. Doc. 24 at 21. To the contrary, there were three trial witnesses who testified and established that Cowan's computer media was produced using materials that were transported in interstate commerce. Doc. 8-10 at 139-150, 150-162. This claim is also thoroughly addressed in the United States' response, Doc. 8 at 27-31, and for the reasons stated therein, this claim should be denied.

## **Conclusion**

WHEREFORE, for the reasons stated herein, and in the United States' initial response, Cowan's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, as supplemented, should be denied.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

        By: *s/ D. Rodney Brown*
        D. RODNEY BROWN
        Assistant United States Attorney
        Florida Bar No. 0906689
        300 N. Hogan Street, Suite 700
        Jacksonville, FL  32202
        Telephone:  (904) 301-6300
        Facsimile:   (904) 301-6310
        E-mail:   rodney.brown@usdoj.gov

**COWAN v. UNITED STATES**  Case No. 3:14-cv-370-J-32MCR
  Case No. 3:09-cr-387-J-32MCR

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> William Mallory Kent, Esq.
> kent@williamkent.com

> *s/ D. Rodney Brown*
> D. RODNEY BROWN
> Assistant United States Attorney